IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| DAVID B. TUCKER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.: 7:08-CV-90 (HL) |
| | : | |
| THOMASVILLE TOYOTA, TOYOTA MOTOR SALES USA INC., and LEE MYRICK, | : | |
| | : | |
| Defendants. | : | |

# ORDER

## I. INTRODUCTION

Plaintiff has filed suit against Defendants over a contest conducted by Thomasville Toyota. Plaintiff received a scratch-off ticket from the dealership, which revealed that he was a prize winner. When he arrived at Thomasville Toyota to claim the prize, however, he encountered a high-pressure sales pitch. It was only after a significant wait and several complaints that he was told he won an online shopping spree. The employees at the dealership told him it would cost him $5 to retrieve the prize, but when he attempted to claim it he asserts that he was required

1

to pay $500 in shipping charges to collect the $1,000 prize.

This Court conducts an initial review of each case. The initial review ensures that each case has a proper jurisdictional basis. Proper jurisdiction is important because federal courts only have limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Save the Bay, Inc. v. United States Army, 639 F.2d 1100, 1102 (5th Cir. 1981).[1] They possess only that power authorized by the United States Constitution and by federal statutes. Kokkonen, 511 U.S. at 377; Save the Bay, 639 F.2d at 1102. Therefore, federal courts should constantly examine a case's jurisdictional basis – even on their own initiative if necessary. Save the Bay, 639 F.2d at 1102 (citing Fed. R. Civ. P. 12(h)(3)); Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908)).

The Complaint in this case alleges that this Court has diversity and federal question jurisdiction over this case, in addition to supplemental jurisdiction. It fails, however, on each of these grounds. The Complaint does not properly plead sufficient facts from which this Court could determine that diversity jurisdiction exists. It also appears that even if Plaintiff amends the pleadings, there is no diversity jurisdiction. The Court is not aware of and Plaintiff does not plead any federal laws

---

[1] The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981). This body of precedent is binding unless and until overruled by the Eleventh Circuit en banc. Id.

that were violated in this case, which would allow this Court to invoke federal question jurisdiction. Finally, without some basis for original jurisdiction in this case, the Court has no power to exercise supplemental jurisdiction. 28 U.S.C. § 1367(a).

## II. ANALYSIS

### A. Allegations of Diversity Jurisdiction

A federal court has diversity jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C.A. § 1332(a)(1). Generally, it is the plaintiff's burden to allege, with sufficient particularity, facts creating jurisdiction. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1273 (11th Cir. 2000).

A party must plead citizenship distinctly and affirmatively. Toms v. Country Quality Meats, Inc., 610 F.2d 313, 316 (5th Cir. 1980); Am. Motorists Ins. Co. v. Am. Emp. Ins. Co., 600 F.2d 15, 16 (5th Cir. 1979); see also Duff v. Beaty, 804 F. Supp. 332, 334 (N.D. Ga. 1992). A corporation is a citizen of any State in which it was incorporated and of the State of its one principal place of business. See 28 U.S.C.A. 1332(c)(1); Bel-Bel Intern. Corp. v. Cmty. Bank of Homestead, 162 F.3d 1101, 1106 (11th Cir. 1998). Regarding natural persons, there is no statutory definition of what constitutes a "citizen" for diversity purposes. 15 James Wm. Moore et al., Moore's Federal Practice, § 102.30 (3d ed. 2004) [hereinafter "Moore's"](citing Galva Foundry Co. v. Heiden, 924 F.2d 729, 730 (7th Cir. 1991)).

Federal courts interpret citizenship under § 1332 as requiring a natural person to be a United States citizen and to be domiciled in a state. See, e.g., Las Vistas Villas, S.A. v. Petersen, 778 F. Supp. 1202, 1204 (M.D. Fla. 1991), aff'd, 13 F.3d 409 (11th Cir. 1994). Thus, there are two necessary inquiries regarding citizenship for diversity jurisdiction for individuals: (1) whether the person is a United States citizen, and (2) whether the person is domiciled in a particular state. 15 Moore's, § 102.30.

Under the first inquiry, "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States." U.S. Const. Amend. XIV, § 1. Regarding the second inquiry, domicile – synonymous with "state citizenship" in diversity jurisprudence – generally requires two elements: (1) physical presence in a state; and (2) the intent to make the state one's home. Duff, 804 F. Supp. at 334. A complaint merely alleging residency, as opposed to state citizenship or domicile, may be insufficient to invoke diversity jurisdiction. Delome v. Union Barge Line Co., 444 F.2d 225, 233 (5th Cir. 1971); e.g., Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998). This is because domicile is not always the same as residence, as a person may reside in one place but be domiciled elsewhere. See Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989).

Here, Plaintiff has failed to properly plead the citizenship of all parties. Plaintiff has alleged that he "resides" in Georgia. Compl. ¶ I. Plaintiff has also alleged where the Defendants "reside." Compl. ¶ II. Because Plaintiff alleged the

4

residency of these parties and not their citizenship, the Plaintiff has failed to properly plead their citizenship for purposes of diversity jurisdiction.

### B. Complete Diversity

In addition, "complete diversity" must exist for the court to retain jurisdiction, that is, every plaintiff must be diverse from every defendant. <u>Triggs v. John Crump Toyota, Inc.</u>, 154 F.3d 1284, 1287 (11th Cir. 1998). The Complaint states that Defendants Thomasville Toyota and Lee Myrick reside in Georgia. If the Complaint is amended to allege that the Defendants are citizens of Georgia, then there is no diversity jurisdiction because the Plaintiff and two Defendants are citizens of the same state.

### C. Federal Question

Although the Complaint cites 28 U.S.C. § 1331 as a basis for jurisdiction, it fails to identify any federal cause of action in this case. It says only that Defendants committed "numerous violations of both federal and state law." Compl. ¶ V.B. Although the facts alleged may support a state-law claim for breach of contract, fraud, or some other applicable state law, <u>see, e.g.</u>, <u>Lamb v. U.S. Sales Corp.</u>, 390 S.E.2d 440, (Ga. App. 1990), this Court is unaware of any federal civil law that protects contestants in a local give-away or sweepstakes. Unless Plaintiff can articulate a basis for federal question jurisdiction, the Court cannot conclude that one exists.

**III. CONCLUSION**

Plaintiff is proceeding pro se, and therefore must be afforded some leniency in the construction of his pleadings and compliance with court rules. Although it appears unlikely that there is federal jurisdiction in this case, in an abundance of caution the Court grants Plaintiff until August 14, 2008, to amend his Complaint to allege facts that would create either federal question or diversity jurisdiction. Failure to amend by this date will result in dismissal for want of jurisdiction.

**SO ORDERED**, this the 16th day of July, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

tch