IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| DAVID B. TUCKER, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No.: 7:08-CV-90 (HL) |
| THOMASVILLE TOYOTA, TOYOTA MOTOR SALES USA INC., and LEE MYRICK, | : | |
| Defendants. | : | |

# **ORDER**

Before the Court is Plaintiff's First Amended Complaint, which he submitted in response to the Court's July 16, 2008 Order. Under Rule 11,

> [e]very pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. . . . The Court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention.

1

Fed. R. Civ. P. 11(a). Plaintiff failed to sign the First Amended Complaint, therefore it must be stricken unless the omission is promptly corrected. Plaintiff has until August 14, 2008 to file a Second Amended Complaint that is signed and complies with the Federal Rules of Civil Procedure.

The Second Amended Complaint must also properly allege jurisdiction. Plaintiff has identified a federal statute upon which he alleges federal question jurisdiction exists. He claims that Defendant Toyota Motor Sales USA, Inc. violated 15 U.S.C. § 45. An allegation that Defendant violated this statute would properly invoke federal question jurisdiction at this preliminary stage of the litigation.

In addition to federal question jurisdiction, Plaintiff continues to assert diversity as a basis for jurisdiction. See First Amend. Compl. ¶ III.A. The First Amended Complaint, however, does not properly allege diversity jurisdiction. As explained in this Court's July 16, 2008 Order, allegations of the residence of the Parties–as opposed to their citizenship–are insufficient to invoke diversity jurisdiction. Plaintiff's First Amended Complaint asserts only the *residence* of two Parties: himself and Toyota Motor Sales USA, Inc.[1] There is no mention of the state of Plaintiff's *citizenship*. In addition, Plaintiff has not pled the state of incorporation or principle place of business of Toyota Motor Sales USA, Inc. See Order of July 16,

---

[1] Although the original Complaint identified two additional Parties as Defendants, Thomasville Toyota and Lee Myrick, they are not identified as Defendants in the First Amended Complaint. The Court therefore interprets Defendant's Amended Complaint as naming Toyota Motor Sales USA, Inc. as the sole Defendant.

2008 at 4 ("A corporation is a citizen of any State in which it was incorporated and of the State of its one principal place of business."). If Plaintiff wishes to invoke the diversity jurisdiction of this Court, he must properly allege the citizenship of the Parties in his Second Amended Complaint.

Failure to file a Second Amended Complaint that complies with this Order by August 14, 2008 will result in dismissal of the case.

**SO ORDERED**, this the 4th day of August, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**


tch